IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DARNELL EDWARD HARRIS**, | Case No. 2:23-cv-01918-IM |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| **ERIN REYES**, *Superintendent of Two Rivers Correctional Institution*, | |
| Respondent. | |

**IMMERGUT, District Judge.**

Petitioner Darnell Edward Harris ("Petitioner"), an individual in custody at Two Rivers Correctional Institution ("EOCI"), filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Because Petitioner's habeas petition is barred by the applicable one-year statute of limitations, and because Petitioner has not demonstrated any basis for equitable tolling such that the petition may be rendered timely, the Court denies the Petition for Writ of Habeas Corpus (ECF No. 2) and denies a certificate of appealability.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

In September 2017, Petitioner pleaded guilty to one count each of Murder, Solicitation of Murder – Aggravated Murder, and Tampering with a Witness. (Resp't Exs. (ECF No. 21), Exs. 105.) In a separate proceeding, the trial court imposed a life sentence with the possibility of parole after 300 months. (*Id.*)

Petitioner filed a direct appeal, but ultimately abandoned his claims. (Resp't Ex. 113.) On August 22, 2018, the Oregon Court of Appeals granted Petitioner's motion to dismiss the appeal. (Resp't Ex. 114.)

On August 5, 2019, Petitioner filed a petition for postconviction relief ("PCR").[1] (Resp't Ex. 118.) In his counseled, amended petition, Petitioner asserted that his trial attorney was ineffective for failing to provide accurate and adequate advice regarding his guilty pleas. (Resp't Ex. 119 at 5-10.[2]) After a trial, the PCR court denied relief. (Resp't Exs. 139, 140.)

Petitioner appealed, raising a single assignment of error. (Resp't Ex. 141 at 2.) The Oregon Court of Appeals affirmed without opinion (Resp't Ex. 146.), and on July 20, 2023, the Oregon Supreme Court denied review (Resp't Ex. 145).

On December 19, 2023[3] Petitioner filed a *pro se* petition for writ of habeas corpus, asserting two grounds for relief:

---

[1] Petitioner initially filed a PCR petition on July 9, 2018, while his direct appeal still was pending. (Resp't Ex. 115.) The PCR court dismissed the petition on August 29, 2018, after concluding that because the underlying case was still on appeal at the time of filing, the PCR court lacked jurisdiction pursuant to Oregon Revised Statutes ("ORS") §§ 138.510(3)b), 138.540(1), and 138.550(1). (Resp't Exs. 116, 117.)

[2] When citing Respondent's Exhibits, the Court refers to the exhibit page numbers located in the lower right corner of each exhibit.

[3] December 19, 2023 is the date on which Petitioner signed the Petition and presumably handed it to prison officials for mailing. See *Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th

PAGE 2 – OPINION AND ORDER

### FIRST GROUND FOR RELIEF

The Post-Conviction trial court unreasonably applied the Strickland standard to assess ineffective assistance of counsel on whether counsel's performance fell below an objective standard when he advised the petitioner he had no affirmative defense and to accept the state's plea offer.

### SECOND GROUND FOR RELIEF

The Post-Conviction trial court unreasonably applied the Strickland standard to assess ineffective assistance of counsel on whether counsel's performance fell below an objective standard when he failed to advise petitioner [about] the actual consequences and facts as it relates to the law in effect at the time of the commission of the crime.

(Pet. at 5-6.) Respondent urges the Court to deny habeas relief because Petitioner filed the petition after the statute of limitations had expired. (Resp. to Pet. (ECF No. 19) at 2-3.) Petitioner did not file a supporting brief or otherwise respond to Respondent's argument that the petition is untimely.[4] Petitioner thus has failed to sustain his burden of demonstrating that he is entitled to habeas relief. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (recognizing that a habeas petitioner carries the burden of proving his case). Nevertheless, this Court has thoroughly reviewed the existing record and agrees that the statute of limitations bars habeas relief in this case.

///

///

///

---

Cir. 2010) (explaining that under the mailbox rule, a *pro se* habeas petition "is deem filed when [and individual in custody] hand[s] it over to prison authorities for mailing to the relevant court").

[4] This Court previously ordered Petitioner to show cause in writing why he failed to file a supporting brief and whether he intended to do so. (ECF No. 25.) To date, Petitioner has not filed a supporting brief, nor has he contacted the Court to request an extension of time after the show-cause deadline expired on February 27, 2025.

PAGE 3 – OPINION AND ORDER

**DISCUSSION**

I.   The One-Year Statute of Limitations

    A.   **Legal Standard**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations that applies to a petition for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Unless otherwise tolled or subject to delayed accrual, the limitations period commences when the judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of direct review includes the ninety-day period within which a petitioner can petition for writ of certiorari with the United States Supreme Court, whether or not he files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The limitations period is statutorily tolled during the pendency of a "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). A properly filed application remains "pending as long as a state avenue for relief remains open, whether or not a petitioner takes advantage of it." *Melville v. Shinn*, 68 F.4th 1154, 1156 (9th Cir. 2023). The limitations period is not tolled, however, "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (quoting *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006)).

    B.   **Analysis**

Petitioner filed a direct appeal after pleading guilty to various crimes, but he ultimately moved to dismiss before the Oregon Court of Appeals could rule on the merits. Because Petitioner could not seek *certiorari* in the United States Supreme Court without first presenting

PAGE 4 – OPINION AND ORDER

his claims to the Oregon Supreme Court, *see* 28 U.S.C. § 1257(a) (instructing that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari"), Petitioner's conviction became final on August 22, 2018, when the Oregon Court of Appeals granted his motion and dismissed the appeal, *see Swantz v. Mills*, Civil No. 09-1161-SU, 2010 WL 2608337, at *1 (D. Or. May 20, 2010) (explaining that because the petitioner "did not first petition Oregon's appellate courts[,]" he "could not have sought *certiorari* in the U.S. Supreme Court" and therefore was "not entitled to the additional 90 days that a habeas petitioner would have to seek *certiorari* . . . when [he or she] ha[s] properly presented federal claims to the state's appellate courts"). Petitioner then properly filed[5] his PCR petition on August 5, 2019,[6] tolling the AEDPA's statute of limitations. The PCR court denied relief, and Petitioner appealed. The Oregon Court of Appeals affirmed without opinion, and, on July 20, 2023, the Oregon Supreme Court denied review. Petitioner thereafter had fourteen days to seek reconsideration but did not do so. *See* OR. R. APP. P. 9.25(1) (instructing that "[a] party seeking reconsideration of a decision of the Supreme Court shall file a petition for reconsideration within 14 days after the date of the decision"). Petitioner's PCR

---

[5] Because Petitioner filed his initial PCR petition while his direct appeal still was pending, the PCR court lacked jurisdiction to consider his claims. *See* ORS § 138.550(1) (instructing that an individual may not seek PCR relief "while direct appellate review of the conviction of the petitioner . . . remains available"). The initial PCR petition therefore was not "properly filed" for the purposes of tolling the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding that a state PCR petition rejected as untimely was not "properly filed" within the meaning of 28 U.S.C. § 2242(d)(2)).

[6] Because state law dictates when a PCR petition is properly filed, *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir.), *cert. denied*, 574 U.S. 99 (2014), and Oregon has rejected the mailbox rule in the context of commencing a PCR proceeding, *Baldeagle v. Lampert*, 185 Or. App. 326, 330-32 (2002), the statute of limitations was not tolled in this case until Petitioner's PCR petition was actually filed in state court.

PAGE 5 – OPINION AND ORDER

petition therefore remained pending until August 3, 2023, when the time for seeking reconsideration expired and "the application ha[d] achieved final resolution through the State's post-conviction procedures." *Melville*, 68 F.4th at 1160 (simplified). Petitioner then signed his federal habeas petition on December 19, 2023.

Between August 22, 2018—when the judgment became final upon conclusion of direct review—and August 5, 2019—when Petitioner properly filed his PCR petition—348 days accrued. Between August 3, 2023—when Petitioner's PCR petition "ceased to be pending"—and December 19, 2023—when Petitioner signed his federal habeas petition and delivered it to prison officials for mailing—138 days accrued. In total, Petitioner waited 486 days before filing for federal habeas relief, which exceeds the 365 days permitted under the AEDPA. Because Petitioner took more than 365 days to file his habeas petition, it is untimely and must be denied

## CONCLUSION

For the reasons stated, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 2), and DISMISSES this proceeding, with prejudice. Petitioner has not made a substantial showing of the denial of a constitutional right, and therefore the Court DENIES a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 10th day of April, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge